IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM HARPER,

        Plaintiff,                  No. CIV S-07-2166 LKK GGH P

    vs.

LT. WILLIAMS, et al.,

        Defendants.         <u>ORDER</u>

                                /

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On December 18, 2007, the court dismissed plaintiff's complaint with leave to amend. Pending before the court is the amended complaint filed December 26, 2007.

        Named as defendants are Lieutenants Williams and Chamberlin. Plaintiff alleges that he was wrongfully found guilty of a rules violation. The guilty finding was later reversed and the rules violation report was supposed to be removed from plaintiff's file. However, because the rules violation report was not removed, prison officials at the prison where plaintiff has since been transferred are aware of the report and do not like plaintiff.

        The amended complaint contains no specific allegations against defendants Williams and Chamberlin. The Civil Rights Act under which this action was filed provides as follows:

1

1   Every person who, under color of [state law] . . . subjects, or causes
     to be subjected, any citizen of the United States . . . to the
2   deprivation of any rights, privileges, or immunities secured by the
     Constitution . . . shall be liable to the party injured in an action at
3   law, suit in equity, or other proper proceeding for redress.

4  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

5  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

6  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

7  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

8  meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

9  omits to perform an act which he is legally required to do that causes the deprivation of which

10 complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

11            Moreover, supervisory personnel are generally not liable under § 1983 for the

12 actions of their employees under a theory of respondeat superior and, therefore, when a named

13 defendant holds a supervisorial position, the causal link between him and the claimed

14 constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

15 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.

16 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel

17 in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

18 Cir. 1982).

19            Because plaintiff has failed to link defendants to the alleged deprivations, the

20 amended complaint is dismissed.

21            Plaintiff may not rely on his exhibits to state his claims.  Nevertheless, the court

22 has reviewed the exhibits attached to the amended complaint.  These exhibits indicate that

23 defendants Williams and Chamberlin found plaintiff guilty of the rules violation report.  Warden

24 Subia ordered the rules violation report dismissed.  There is no evidence suggesting that either

25 defendant was responsible for the alleged failure of the charges to be dismissed or the failure of

26 rules violation report to be removed from plaintiff's file.

The court also observes that the amended complaint contains no specific allegations demonstrating how plaintiff knows that prison officials at the new prison are aware of the dismissed rules violation report.  Plaintiff also does not allege that he has been actually threatened by any prison officials.  His claim that he is scared is unsupported and he names no prison officials at the new prison as defendants.

For the reasons discussed above, the amended complaint is dismissed with leave to file a second amended complaint.

Accordingly, IT IS HEREBY ORDERED that plaintiff's amended complaint filed December 26, 2007, is dismissed with thirty days to file a second amended complaint; failure to file a second amended complaint within that time will result in a recommendation of dismissal of this action.

DATED: 01/18/08                               /s/ Gregory G. Hollows

                                              UNITED STATES MAGISTRATE JUDGE

har2166.ame