IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM HARPER,

        Plaintiff,                    No. CIV S-07-2166 LKK GGH P

    vs.

LT. WILLIAMS, et al.,

        Defendant.              FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On January 18, 2008, the court dismissed plaintiff's complaint with leave to file a second amended complaint. On January 30, 2008, and February 6, 2008, plaintiff filed amended complaints. Accordingly, the court will screen the amended complaint filed February 6, 2008.

        Named as defendants are Lieutenants Chamberlin and Williams. Plaintiff alleges that defendant Chamberlin wrongly found him guilty of battery on a peace officer. Plaintiff alleges that defendant Chamberlin would not allow him to call witnesses during the disciplinary hearing. Attached to the amended complaint as an exhibit is a copy of the rules violation report indicating that plaintiff was assessed 150 days of time credits after being found guilty by defendant Chamberlin. As relief, plaintiff seeks money damages and injunctive relief in the form

1

of an order directing defendants to "stop what they are doing."

In Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994), an Indiana state prisoner brought a civil rights action under § 1983 for damages. Claiming that state and county officials violated his constitutional rights, he sought damages for improprieties in the investigation leading to his arrest, for the destruction of evidence, and for conduct during his trial ("illegal and unlawful voice identification procedure"). Convicted on voluntary manslaughter charges, and serving a fifteen year term, plaintiff did not seek injunctive relief or release from custody. The United States Supreme Court affirmed the Court of Appeal's dismissal of the complaint and held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under 1983.

Heck, 512 U.S. at 486, 114 S. Ct. at 2372. The Court expressly held that a cause of action for damages under § 1983 concerning a criminal conviction or sentence cannot exist unless the conviction or sentence has been invalidated, expunged or reversed. Id.

In Edwards v. Balisok, 520 U.S. 641, 117 S. Ct. 1584 (1997), the Supreme Court held that Heck applies to challenges to prison disciplinary hearings when the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment. Edwards rejected the Ninth Circuit's holding in Gotcher v. Wood, 66 F.3d 1097, 1099 (9th Cir. 1995) that a claim challenging only the procedures employed in a disciplinary hearing is not barred by Heck.

Plaintiff's claims against defendant Chamberlin implicate the validity of the rules violation report for which he was assessed time credits. Because the rules violation report has

1 apparently not been invalidated, expunged or reversed, plaintiff's claims against defendant
2 Chamberlin are barred by Heck and Edwards.
3       The only claim against defendant Williams is that if defendant Chamberlin had
4 done his job and found plaintiff not guilty, defendant Williams would not have had to refer
5 plaintiff to the District Attorney's Office. These allegations do not state a colorable claim for
6 relief against defendant Williams.
7       This is the third order issued by the court dismissing plaintiff's complaints with
8 leave to amend. Because it does not appear that plaintiff can cure the pleading defects, the court
9 recommends that this action be dismissed.
10       Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed.
11       These findings and recommendations are submitted to the United States District
12 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty
13 days after being served with these findings and recommendations, plaintiff may file written
14 objections with the court. The document should be captioned "Objections to Magistrate Judge's
15 Findings and Recommendations." Plaintiff is advised that failure to file objections within the
16 specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951
17 F.2d 1153 (9th Cir. 1991).
18 DATED: 03/19/08

/s/ Gregory G. Hollows

_____
UNITED STATES MAGISTRATE JUDGE

21 har2166.ame